1  JEFFREY A. KOBULNICK – Bar No. 228299
   MARK D. BRUTZKUS – Bar No. 128102
2  MICHAEL A. BERNET – Bar No. 306657
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone: (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:     jkobulnick@brutzkusgubner.com
               mbrutzkus@brutzkusgubner.com
6              mbernet@brutzkusgubner.com

7  Attorneys for Plaintiff,
   METAL JEANS INC.

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12  METAL JEANS INC., a Nevada          Case No.  2:cv-16-8448
    corporation,
                                        **COMPLAINT FOR:**
13            Plaintiff,
                                        **(1) TRADEMARK INFRINGEMENT
14      v.                                  (15 U.S.C. § 1114);**

15  TARAS SHUST, an individual doing    **(2) FEDERAL TRADEMARK
    business as SWEDISH METAL, a            DILUTION (15 U.S.C. § 1125(c);**
16  Washington sole proprietorship; and
    DOES 1 through 10, inclusive,       **(3) UNFAIR COMPETITION AND
17                                           FALSE DESIGNATION OF
              Defendants.                    ORIGIN (15 U.S.C. § 1125(a);**
18
                                        **(4) COMMON LAW TRADEMARK
19                                           INFRINGEMENT**

20                                      **(5) CALIFORNIA TRADEMARK
                                            DILUTION (Cal. Bus. & Prof. §
21                                          14247);**

22                                      **(6) UNFAIR COMPETITION (Cal.
                                            Bus. & Prof. § 17200); and**
23
                                        **(7) VIOLATION OF THE FEDERAL
24                                           ANTICYBERSQUATTING
                                             CONSUMER PROTECTION ACT
25                                           (15 U.S.C. § 1125(d)**

26
                                        **DEMAND FOR JURY TRIAL**
27

28

                           1
                        COMPLAINT

Plaintiff Metal Jeans Inc. ("Metal Jeans" or "Plaintiff") by and through this Complaint against Defendant Taras Shust ("Shust"), an individual doing business as Swedish Metal ("Swedish Metal"), and DOES 1 through 10, inclusive, (each a "Defendant" and collectively, "Defendants") alleges to the Court as follows:

## INTRODUCTION

1.      Plaintiff Metal Jeans is the registered owner of the trademark METAL, for use in connection with clothing and related goods.  Plaintiff has marketed and sold clothing and related goods under the METAL mark for approximately twenty years, and has invested substantial time and resources in creating a positive reputation associated with its METAL mark.  Defendants are improperly seeking to benefit from Plaintiff's substantial investment in the METAL mark by selling clothing and related goods under the confusingly similar mark, SWEDISH METAL. Defendants seek to trade off of the reputation that Plaintiff's METAL mark enjoys among consumers, and consumers are likely to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendants' goods.  Numerous demands having being made on Defendants to no avail, Plaintiff must now bring this action to protect its rights and remedies.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

3.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California.

4318.006
1670901

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants have significant contacts within this judicial district.

6.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

7.     Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

## THE PARTIES

8.     Plaintiff Metal Jeans Inc. is a Nevada corporation, having its principal place of business at 18034 Ventura Blvd., Encino, California 91316.

9.     Upon information and belief, Defendant Taras Shust is an individual doing business as Swedish Metal, a Washington sole proprietorship, having its principal place of business at P.O. Box 2105, Redmond, Washington, 98073.

10.     Upon information and belief, Defendant Taras is a Washington resident.

11.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

12.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest.  Specifically, each of the Defendants are the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that an adherence to the fiction of the separate existence of each them would, under

3

4318.006
1670901

1   the particular circumstances, sanction a fraud or promote injustice.

2       13.     Upon information and belief, Defendants have directed ongoing and

3   substantial commercial activities within the State of California and in the County of

4   Los Angeles, including without limitation the Central District of California.

5                                    **ALLEGATIONS**

6       **A.     Plaintiff's METAL Mark**

7       14.     Plaintiff has sold clothing and related goods under its METAL mark for

8   approximately twenty years.

9       15.     Plaintiff's METAL mark is inherently distinctive.

10      16.     Plaintiff controls use of the METAL mark by its authorized distributors

11  and licensees in the United States and other parts of the world.

12      17.     Plaintiff has spent substantial time, effort, and money advertising and

13  promoting its METAL mark throughout the United States.

14      18.     Plaintiff's METAL mark is federally registered with the United States

15  Patent and Trademark Office ("USPTO") as Registration Number 4,299,652 (the "652

16  Registration"), which registered on March 12, 2013.  A true and correct copy of the

17  652 Registration is attached hereto as **Exhibit A**.

18      19.     The 652 Registration is valid and subsisting and provides prima facie

19  evidence of Plaintiff's ownership of and exclusive right to use the METAL mark in

20  the United States in connection with a wide range of clothing, including without

21  limitation, t-shirts, sweatshirts, and jeans.

22      20.     Plaintiff's METAL branded clothing and related goods have enjoyed

23  substantial success and popularity nationwide, including within this judicial district.

24      21.     By virtue of Plaintiff's continuous and exclusive use in the United States

25  of the METAL mark on clothing for approximately twenty years, the METAL mark

26  has further acquired distinctiveness.  That is, the public has come to associate the

27  METAL mark with Plaintiff's high-quality clothing, consequently allowing Plaintiff

28  to build a valuable reputation in connection with its METAL mark.

4318.006
1670901

22.   Plaintiff has expended considerable time, effort and money in advertising and otherwise promoting its clothing and encouraging the public and trade to recognize its METAL mark.  As such, Plaintiff has acquired extensive goodwill in its METAL mark in connection with clothing and related goods.

23.   As a result of the longstanding, continuous and extensive use of Plaintiff's METAL mark, the METAL mark has become famous in the minds of consumers in connection with clothing and related goods.

**B.    Defendants' Infringing Activities**

24.   Long after Plaintiff had established rights to its METAL mark, Defendants began using a confusingly similar mark in connection with sales of their own clothing and related goods.

25.   Defendants have entered into the same market as Plaintiff, and promote and sell their own clothing and related goods under the mark "Swedish Metal," which fully incorporates Plaintiff's METAL mark.

26.   Inclusion of the word "Swedish" does little to distinguish Defendants' mark from Plaintiff's mark, and Defendants' mark is so similar to Plaintiff's METAL mark that consumers who hear, read, or see them will instantly think of Plaintiff's METAL mark.

27.   Defendants control several websites and social media accounts that make prominent use of the METAL mark in connection with sales of clothing and related goods, including without limitation on Facebook, Instagram, and on websites accessible at www.SwedishMetal.org, and www.SwedMet.StorEnvy.com.

28.   Upon information and belief, Defendants clothing and related goods do not espouse the same degree of high quality materials as Plaintiff's clothing and related goods.

29.   On July 15, 2016, Defendants filed a trademark application with the USPTO, serial number 87,104,891 for the standard character mark "Swedish Metal" in International Class 25 for use in connection with "Sweatshirts; Graphic T-shirts;

COMPLAINT

1   [and] Hooded sweatshirts."

2       30.    Plaintiff is informed and believes and thereupon alleges that Defendants

3   have sought to improperly capitalize on Plaintiff's investment in the creation and

4   positive reputation of the METAL mark.

5       31.    Upon information and belief, Defendants chose their SWEDISH METAL

6   mark with the intent and purpose of trading off of the goodwill that Plaintiff's

7   METAL mark currently enjoys, and to mislead and confuse consumers as to the

8   source, sponsorship, affiliation and/or endorsement of Defendants' goods.

9       32.    As a result, not only is there likelihood of confusion, but Plaintiff's

10   reputation is being tarnished and the value and distinctiveness of Plaintiff's METAL

11   mark is being diminished.

12       33.    Plaintiff is informed and believes and thereupon alleges that, Defendants

13   have all assisted, cooperated with and conspired with one another to create, acquire,

14   purchase, advertise, promote, distribute and/or sell products bearing the METAL mark

15   without Plaintiff's authorization.

16       34.    Upon learning of Defendants' infringing behavior, Plaintiff sent a cease

17   and desist letter to Defendants on August 24, 2016, by both email and U.S. Mail to the

18   addresses set forth in Defendants' Swedish Metal trademark application, demanding

19   that Defendants cease and desist all further uses of Plaintiff's METAL mark, or any

20   other terms that are confusingly similar to Plaintiff's METAL mark, in connection

21   with their sales of clothing and related goods.

22       35.    Having received no response from Defendants, Plaintiff sent follow-up

23   letters by email and registered mail to Defendants on September 7, 2016, and again on

24   October 14, 2016, which were delivered to the same addresses set forth in Defendants'

25   Swedish Metal trademark application.

26       36.    Although Defendants received all three of Plaintiff's letters, Defendants

27   have not responded or ceased their infringing activities.

28       37.    Even more, after receiving Defendant's letters and being put on notice of

4318.006
1670901

1    Plaintiff's prior trademark rights, Defendants added several new items of SWEDISH

2    METAL branded clothing and related goods to their online stores, and "sold out" of

3    many of their prior SWEDISH METAL branded clothing items.

4         38.    Although Defendants have been made aware of Plaintiff's prior

5    trademark rights, Defendants are still using Plaintiff's METAL mark in connection

6    with sales of clothing and related goods.

7         39.    Demands having been made on Defendants to no avail, Plaintiff brings

8    this action for trademark infringement, trademark dilution, unfair competition and

9    related offenses arising from Defendants' unlawful use of Plaintiff's METAL mark.

10        40.    Plaintiff is informed and believes and thereupon alleges that, absent the

11   intervention of this Court, Defendants' illegal actions will continue, and Plaintiff and

12   consumers will continue to be harmed.

## COUNT ONE

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

### (Against All Defendants)

17        41.    Plaintiff re-alleges and incorporates by reference each and every

18   allegation contained in paragraphs 1-40 above herein.

19        42.    The federally registered METAL mark and goodwill of the business

20   associated therewith in the United States are of great and incalculable value, highly

21   distinctive and arbitrary and have become associated in the public mind with products

22   of the highest quality and reputation with Plaintiff as the source of origin.

23        43.    Upon information and belief, without Plaintiff's authorization or consent,

24   and having knowledge of Plaintiff's well-known and prior rights in the METAL mark,

25   Defendants have used and are using the METAL mark in connection with sales of

26   unauthorized apparel, including t-shirts and sweatshirts.

27        44.    Upon information and belief, Defendants' unauthorized sales of METAL

28   branded clothing and related goods are marketed to the same consumers and in direct

7

COMPLAINT

competition with Plaintiff's own METAL branded clothes, in or affecting interstate commerce.

45.     Defendants' use in commerce of a similar METAL mark is likely to deceive the public into believing that Defendants' sales of METAL branded goods are authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

46.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

48.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including actual damages and profits made by Defendants on sales of its unauthorized products, and the costs of this action.

49.     Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT TWO

### (Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

50.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-49 above herein.

51.     Defendants are using Plaintiff's registered METAL mark without authorization from Plaintiff in connection with the sales of clothing and related goods that are of the same general nature and type as those that Plaintiff has long used in

1  connection with its own registered METAL mark.

2    52.    Defendants' unauthorized uses of the METAL mark are likely to cause

3  confusion to the general purchasing public.

4    53.    By misappropriating and using the METAL mark, Defendants

5  misrepresent and falsely describe to the general public the origin and source of their

6  unauthorized products and create a likelihood of confusion by ultimate purchasers as

7  to the source, sponsorship, affiliation and/or endorsement of such products.

8    54.    Defendants' unlawful, unauthorized, and unlicensed offers for sale and

9  sales of METAL branded clothing and related goods create express and implied

10  misrepresentations that those products are authorized or approved for sale by Plaintiff,

11  all to Defendants' profit and Plaintiff's great damage and injury.

12    55.    Defendants' aforesaid acts are in violation of Section 43(a) of the

13  Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the METAL mark, in

14  connection with Defendants' goods, in interstate commerce constitutes trademark

15  infringement, a false designation of origin, and unfair competition.

16    56.    Plaintiff has no adequate remedy at law and, if Defendants' activities are

17  not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its

18  business, goodwill and reputation.

19    57.    As a result of Defendants' activities, Plaintiff has been damaged in an

20  amount to be determined at trial, and including but not limited to the costs of this

21  action.  Furthermore, Defendants' continued willful violation of Plaintiff's rights with

22  full knowledge of said rights entitles Plaintiff to recover enhanced damages and

23  reasonable attorneys' fees.

24  **COUNT THREE**

25  **(Federal Trademark Dilution)**

26  **(15. U.S.C. § 1125(c))**

27  **(Against All Defendants)**

28    58.    Plaintiff realleges and incorporates by reference each and every

9
COMPLAINT

1 allegation contained in paragraphs 1-57 above herein.

2      59.    The METAL mark is "famous" within the meaning of Section 43(c) of

3 the Lanham Act, 15. U.S.C. § 1125(c)(1) and has been famous prior to Defendants'

4 conduct as alleged herein.

5      60.    Defendants' use, advertisement, offers for sale, and sales in commerce of

6 METAL branded clothing, without authorization from Plaintiff, dilutes the distinctive

7 quality of the METAL mark and is being done with the willful intent to trade on

8 Plaintiff's reputation and/or to cause dilution of the METAL mark.

9      61.    Defendants' unauthorized use of the METAL mark is likely to and does

10 dilute Plaintiff's METAL mark, both by blurring the distinctiveness of the mark and

11 by tarnishing the reputation associated therewith by offering lower quality clothing

12 bearing Plaintiff's METAL mark that were not authorized for sale.

13      62.    Defendants' unauthorized use of the METAL mark on or in connection

14 with clothing is being done with notice and full knowledge that such use of the

15 METAL mark is not authorized or licensed by Plaintiff.

16      63.    Defendants' aforesaid acts are in knowing and willful violation of

17 Plaintiff's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

18      64.    Plaintiff has no adequate remedy at law and, if Defendants' activities are

19 not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its

20 goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to

21 15 U.S.C. Sections 1116 and 1125(c).

22      65.    As a result of Defendants' illegal activities, Plaintiff has been damaged in

23 an amount to be determined at trial, and including the costs of this action.

24 **COUNT FOUR**

25 **(Common Law Trademark Infringement)**

26 **(Against All Defendants)**

27      66.    Plaintiff realleges and incorporates by reference each and every

28 allegation contained in paragraphs 1-65 above herein.

10

4318.006
1670901

1    67.    Plaintiff has built up valuable goodwill in the METAL mark.

2    68.    With full knowledge of the fame and strong goodwill associated with

3 Plaintiff's METAL mark, Defendants have traded, and continue to trade, on the

4 goodwill associated therewith, misleading the public into assuming an authorized

5 connection between Defendants' products and Plaintiff.

6    69.    Defendants' acts of trademark infringement cause confusion and mislead

7 and deceive the public as to the source of Defendants' products, permit Defendants to

8 pass off their products as authorized by Plaintiff, and falsely suggest a connection

9 between Defendants and Plaintiff.   Unless restrained by this Court, Defendants'

10 unlawful acts will continue, in violation of the common law of the State of California

11 and to the detriment of Plaintiff and to the unjust enrichment of Defendants.

12    70.    Plaintiff has no adequate remedy at law and, if Defendants' activities are

13 not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its

14 goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief.

15                          **COUNT FIVE**

16                   **(California Trademark Dilution)**

17          **(California Business and Professions Code § 14247)**

18                     **(Against All Defendants)**

19    71.    Plaintiff realleges and incorporates by reference each and every

20 allegation contained in paragraphs 1-70 above herein.

21    72.    Defendants have entered the same market as Plaintiff, and have started

22 selling unauthorized products bearing Plaintiff's METAL mark that are lower in

23 quality than Plaintiff's own products, to trade upon the goodwill of Plaintiff's

24 METAL mark.

25    73.    Defendants' acts have caused damage to Plaintiff by tarnishing the

26 valuable reputation of and blurring the distinctiveness of the famous METAL mark in

27 violation of California Business and Professions Code § 14247, and will continue to

28 tarnish and destroy the value of the METAL mark unless enjoined by this Court.

4318.006
1670901

74.     Plaintiff has no adequate remedy at law, and is therefore entitled to injunctive relief.

## COUNT SIX

### (California State Unfair Competition)

### (California Business and Professions Code §§ 17200 *et seq.*)

### (Against All Defendants)

75.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-74 of this Complaint.

76.     California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

77.     Defendants have committed acts of unfair competition as defined by the UCL.   The aforesaid acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

78.     Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

79.     Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

80.     Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above.   Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

4318.006
1670901

81.     The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

82.     As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

83.     Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

84.     Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## COUNT SEVEN

### (Cybersquatting)

### (Federal Anticybersquatting Consumer Protection Act § 1125(d))

### (Against All Defendants)

85.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-84 of this Complaint.

86.     Long after Plaintiff had established trademark rights to the METAL mark, Defendants registered the domain name www.SwedishMetal.org, which fully incorporates Plaintiff's METAL mark, and www.SwedMet.storenvy.com (collectively, "Defendants' Domain Names").

87.     Defendants have registered, are trafficking and using Defendants' Domain Names in connection with, *inter alia*, the sale of METAL branded apparel.

88.     Defendants, through Defendants' Domain Names, offer the same types of goods as Plaintiff, thus further revealing that Defendants had (at the time they registered Defendants' Domain Names) and continue to have a bad faith intention to

4318.006
1670901

1   make commercial gain from those domain names and are using websites accessible

2   through Defendants' Domain Names to divert actual or potential consumers of

3   Plaintiff to Defendants' own websites.

4       89.     Defendants' Domain Names are confusingly similar to Plaintiff's

5   METAL mark and Plaintiff's own domain name, www.MetalJeans.com, which

6   Plaintiff uses in connection with the sales of its own METAL branded apparel, *inter*

7   *alia*.

8       90.     Defendants have no prior trademark rights in the METAL mark. Instead,

9   Defendants intended to divert actual or potential customers from Plaintiff's website to

10  Defendants' own websites, for the purpose of harming the goodwill of the METAL

11  marks – both for Defendants' own commercial gain and with intent to tarnish or

12  disparage the METAL marks – by creating a likelihood of confusion as to the source,

13  sponsorship, affiliation and/or endorsement of Defendants' websites.

14      91.     Defendants' Domain Names are dilutive of Plaintiff's METAL marks.

15      92.     Plaintiff's METAL marks were distinctive and/or famous at the times

16  Defendants registered and/or acquired Defendants' Domain Names.

17      93.     As a result of Defendants' cybersquatting, Plaintiff has suffered

18  detriment to its business, goodwill, reputation and profits, all to its damage in an

19  amount yet to be determined, and subject to a treble damages award pursuant to 15

20  U.S.C. § 1117.

21      94.     Defendants have derived and, unless enjoined, will continue to derive

22  unlawful gains and profits as a result of their acts.

23      95.     As a result of Defendants' willful misconduct, Plaintiff is entitled to

24  recover statutory attorneys' damages.

25      96.     This is an exceptional case under the Lanham Act, and thus Plaintiff is

26  also entitled to recover its attorneys' fees.

27      97.     Plaintiff is entitled to a transfer of all of Defendants' Domain Names to

28  Plaintiff. Alternatively, the Court should order Defendants to forfeit each of these

4318.006
1670901

1  domain names or should order the domain name registrations be cancelled.

2        98.    If the aforesaid acts are permitted to continue, further loss and damage

3  and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no

4  adequate remedy at law.

5  **PRAYER**

6        **WHEREFORE**, Plaintiff demands judgment as follows:

7        1.    That Defendants, their officers, agents, servants, employees, attorneys,

8  confederates, and all persons acting for, with, by, through or under them be

9  preliminarily enjoined and restrained, at first during the pendency of this action and,

10 thereafter, permanently:

11       a.    from using in any manner the METAL mark, alone or in

12 combination with any word or words, as part of a mark, trade name, or domain name,

13 on or in connection with the advertising, offering for sale or sale of any product or

14 service in the clothing field;

15       b.    from passing off, inducing, or enabling others to sell or pass off

16 any product or service as affiliated with, authorized or approved by Plaintiff;

17       c.    from committing any acts calculated to cause purchasers to believe

18 that Defendants' products or services are those sold under the control and supervision

19 of Plaintiff, or are sponsored, affiliated, endorsed, or approved by, or connected with,

20 or guaranteed by, or produced under the control and supervision of Plaintiff;

21       d.    from further diluting and infringing the METAL mark and

22 damaging Plaintiff's goodwill; and

23       e.    from otherwise competing unfairly with Plaintiff.

24       2.    That Defendants be required upon service of this Complaint to

25 immediately supply Plaintiff with a complete list of all businesses, stores, suppliers, or

26 other business locations that it has reason to believe are now, or have ever been, in

27 possession of unauthorized goods bearing Plaintiff's METAL mark, including without

28 limitation Defendants' supplier(s).

15
COMPLAINT

1    3.      That Defendants, within thirty (30) days after service of judgment with

2  notice of entry thereof upon it, be required to file with the Court and serve upon

3  Plaintiff a written report under oath with penalty of perjury setting forth in detail the

4  manner in which Defendants have complied with paragraphs 1 through 2, above.

5    4.      That Defendants account for and pay over to Plaintiff profits realized by

6  Defendants by reason of Defendants' unlawful acts herein alleged and, that the

7  amount of damages from infringement of the METAL mark be increased by a sum not

8  exceeding three times the amount thereof as provided by law.

9    5.      That Plaintiff be awarded damages in an amount to be determined at trial

10  for Defendants' willful infringement of the METAL mark.

11    6.      That Plaintiff be awarded statutory damages of $100,000 per domain

12  name registered and/or used by Defendants in violation of the Anticybersquatting

13  Consumer Protection Act, 15 U.S.C. § 1125(d).

14    7.      That Plaintiff be awarded punitive damages in an amount to be proven at

15  trial.

16    8.      That Plaintiff be awarded reasonable attorneys' fees and have such other

17  and further relief as the Court may deem equitable including, but not limited to, any

18  relief set forth in 15 U.S.C. § 1117.

19    9.      That Defendants be ordered to disgorge all of their ill-gotten gains

20  pursuant to California Business and Professions Code § 17203.

21    10.     That Defendants' pending trademark application, serial number

22  87,104,891, be expressly abandoned.

23    11.     That Defendants, and anyone acting under their control, be ordered to

24  transfer to Plaintiff the domain name www.SwedishMetal.org, as well as any other

25  domain(s) incorporating and/or representing the METAL mark within Defendants'

26  possession, custody or control.

27  / / /

28  / / /

4318.006
1670901

1    12.    For all such further relief as the Court finds proper.

2

3   Dated:  November 14, 2016                    BRUTZKUS GUBNER

4

5                                               By: /s/ Jeffrey A. Kobulnick

6                                                    JEFFREY A. KOBULNICK
                                                    MARK D. BRUTZKUS
7                                                    MICHAEL A. BERNET
                                                Attorneys for Plaintiff
8                                               METAL JEANS INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

4318.006
1670901

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiff METAL JEANS INC. hereby demands a trial by jury for all issues so

4     triable in this action.

5

6     Dated:  November 14, 2016                    BRUTZKUS GUBNER

7

8                                                                   By: /s/ Jeffrey A. Kobulnick
                                                                         JEFFREY A. KOBULNICK
9                                                                        MARK D. BRUTZKUS
                                                                         MICHAEL A. BERNET
10                                                                 Attorneys for Plaintiff
11                                                                 METAL JEANS INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4318.006
1670901